Joseph E. Sarachek, (NY Bar No. 2163228)
Zachary E. Mazur, (NY Bar No. 5706726)
Sarachek Law Firm
670 White Plains Road #PH
Scarsdale, New York 10583
joe@saracheklawfirm.com, (646) 517-5420
zachary@saracheklawfirm.com (646) 519-4396

*Attorneys for Petitioner*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------
In re:                                                                              Chapter 15

BAGIR GROUP LTD.,[1]                               :
                                                                                  Case No. 21-
Debtor in Foreign Proceeding.           :
-------------------------------------------------- x

### VERIFIED PETITION UNDER CHAPTER 15 OF THE BANKRUPTCY CODE FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING

Adv. Ilan Shavit-Stricks, not as an individual, but solely in his capacity as the sole Trustee ("**Petitioner**" or the "**BG Trustee**") of Bagir Group Ltd. ("**BG**" or the "**Debtor**"), appointed by the Israel District Court of Beer Sheva, (the "**Israeli Court**") and as duly authorized foreign representative as defined by section 101(24) of title 11 of the United States Code (the "**Bankruptcy Code**"), by and through his undersigned United States counsel, respectfully submits this Petition, verified by the Declaration of Adv. Ilan Shavit-Stricks, filed herewith, seeking recognition of a foreign main proceeding and himself as authorized foreign representative, and granting such further relief as may be appropriate.

Attached hereto as exhibits are (i) the Proposed Order Granting Recognition, **Exhibit 1**; (ii) the Proposed Order Scheduling a Hearing on, and Specifying the Form and Manner of Service for, the Chapter 15 Petition, **Exhibit 2**; and (iii) the Proposed Notice of Hearing for the

---

[1] The last four digits of the Israeli corporate registration number for the Debtor are 480-6.

Recognition of Foreign Main Proceeding, **Exhibit 3**. In support thereof, Petitioner respectfully states as follows:

## PRELIMINARY STATEMENT

1. On April 13, 2020, (the "**Israeli Petition Date**") BG filed a petition in the District Court of Beer Sheva, Israel, Case No. 11925-04-20, to initiate proceedings under Sections 18 and 24 of the Israeli Insolvency and Economic Rehabilitation Law 5778-2018 (the "**BG Liquidation Proceeding**"). In that petition, the Debtor sought and was granted relief for the temporary stay of proceedings against the company, the appointment of a preliminary trustee and other relief (the "**Initial Order**"). Initially, the goal of the preliminary trustee was to assess the feasibility of maintaining the Debtor's business and assets and/or the optimal manner of their realization. A copy of the Initial Order, along with its translation into English, is attached hereto as **Exhibit 4** and incorporated herein by reference.

2. On May 12, 2020, the Israeli Court ordered the liquidation of the Debtor, appointing Petitioner Adv. Ilan Shavit-Stricks as BG Trustee for the purpose of liquidating BG, pursuant to the Israeli Insolvency and Economic Rehabilitation Law 2018 (the "**BG Liquidation Order**"). A certified copy of the BG Liquidation Order, along with its sworn translation into English, is attached hereto as **Exhibit 5** and incorporated herein by reference.

3. The Petitioner, as foreign representative of BG, seeks recognition of the BG Liquidation Proceeding that is currently pending in Israel. Petitioner seeks recognition of, and relief respecting to a foreign main proceeding, as defined in section 1502(4) of the Bankruptcy Code, given that the foreign proceeding respecting the Debtor is pending in Israel, the center of the Debtor's main interests.

4.  As set forth below, the Initial Order, the BG Liquidation Order and other documents filed contemporaneously herewith in support of the Petition show that (i) the Debtor was organized and operated in Israel and the BG Liquidation Proceeding is a "foreign main proceeding" within the meaning of section 1502(4) of the Bankruptcy Code; and (ii) Petitioner is the "foreign representative," within the meaning of section 101(24) of the Bankruptcy Code, authorized among other things, to administer the liquidation of the Debtor's assets, which as used herein, includes all subsidiary entities ("**Debtor's Assets**" or "**BG's Assets**"), and to act as representative of the BG Liquidation Proceeding.

5.  In connection with marshaling Debtor's Assets and administering the BG Liquidation Proceeding, the BG Trustee seeks to investigate the status and disposition of the Debtor's Assets in the United States and pursue recovery thereof, which to date has been impeded by the obstructive actions of one or more individuals with control of the Debtor's assets in the United States. Petitioner requests that the Court (i) recognize the BG Liquidation Proceeding as a foreign main proceeding; (ii) recognize the Petitioner as the "foreign representative" of BG within the meaning of section 101(24) of the Bankruptcy Code; (iii) grant discovery relief to assist the BG Trustee in connection with administration of the BG Liquidation Proceeding; and (iv) grant injunctive relief to protect Debtor's Assets in the United States.

## JURISDICTION AND VENUE

6.  This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the "Amended Standing Order of Reference" of the United States District Court for the Southern District of New York (C.J. Preska), dated January 31, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

7. The Debtor's Assets in the United States are personal property consisting of ownership interests in a United States entity organized in one or more states. *See* section 109 of the Bankruptcy Code. The Debtor's subsidiary, Bagir International Inc. ("**BGI(US)**"), is a corporation duly organized under the laws of the State of New York, with its headquarters located in Manhattan.

8. BGI(US) is currently party to a state court lawsuit within the Southern District of New York: *Phong Phu International JSC v. Bagir International, Inc.*, No. 651827/2020, (Sup.Ct. N.Y. Cnty.). (the "**Phong Phu Litigation**").

9. Venue is properly located in this District pursuant to 28 U.S.C. § 1410. The statutory predicates for the relief requested include sections 105(a), 1507, 1517, 1520 and 1521 of the Bankruptcy Code.

## STATEMENT OF FACTS

A. **Overview of BG**

10. BG is a sixty-year-old Israeli company (now in liquidation), traded on the Alternative Investment Market ("**AIM**"), a sub-market of the London Stock Exchange.[2] On the Israeli Petition Date, BG had interests in five companies in foreign countries - Egypt, Ethiopia, the United States, England and the British Virgin Islands as well as a representative regional office in Vietnam. An organizational chart is included herein as **Exhibit 6**.

11. BG, together with its subsidiaries, were in the apparel business, specifically the planning, development, design, manufacturing and marketing of tailored fashion for men and women.

---

[2] BG was subsequently delisted from the AIM as a result of its liquidation.

12. The Debtor's corporate headquarters were located in Kiryat Gat, Israel, where it maintained around 30 employees responsible for product development, procurement, finances, human resources activities and other administrative functions.

13. BG's manufacturing was carried out through its Egyptian and in Ethiopian subsidiaries, as well as through subcontractors in Vietnam.

14. BG's marketing activities were carried out through its wholly owned United Kingdom and United States subsidiaries. BGI(US), a corporation duly organized under the laws of the State of New York, is located in Manhattan, and mainly functioned to market BG's line of tailored clothing.

15. BG sold clothing to major U.S. and international buyers, such as Arcadia Group Ltd., Cintas Corporation and Brooks Brothers Far East Ltd. on the basis of purchase orders, with no long-term commitments on the part of the buyers.

16. BG's share capital is comprised of 745,890,327 ordinary shares with par value of 0.04 Israeli shekels each, out of which the issued share capital is 310,542,881 ordinary shares.

17. The shareholders of BG as the time of liquidation were as follows:

- The general public - by way of Capital IRG Trustees limited (an English corporation) - 308,054,016 ordinary shares.
- S.G Holdings Textile Ltd. - 698,750 ordinary shares.
- Barinboim Assets Ltd. - 493,425 ordinary shares.
- Man Capital Management Ltd. - 1,046,690 ordinary shares.
- Israel Discount Bank Ltd. - 250,000 ordinary shares.

**B. BG's United States Entity – BGI(US)**

18. BG established its United States marketing entity in 1991 in the State of New York, a major fashion center, for the purposes of engaging with U.S. and global clients in the marketing of its products. Its corporate offices were located at 499 Seventh Avenue, 16th floor, South Tower, New York, New York.

19. BGI (US) acted as a marketing branch that was managed and controlled by BG. Its role was to maintain contact with BG's U.S. customers and to increase the company's U.S. sales.

20. At the commencement of the BG Liquidation Proceeding, BGI (US) was managed by Mr. Moses Cohen, who had never managed to develop the US activities as planned.

C. **Events Leading to BG's Liquidation**

21. In the two years prior to the Israeli Petition Date, the Debtor underwent a process to streamline, modernize and expand its global operations. This effort included a significant marketing push, the acquisition of new clients (including Marks & Spencer in the United Kingdom), and a return to profitability.

22. However, in March of 2020, the entire world experienced the surge of the Coronavirus (COVID-19) pandemic, which paralyzed the global economy, especially the global apparel business. Clothing sales were down as much as 80%, and maybe even more in the fashion and more formal sectors, which BG primarily serviced.

23. Even as early as January 2020, with the closure of parts of the Chinese economy, BG saw disruptions to its supply chain that affected the operations of its factories.

24. By mid-March 2020, BG's main clients were postponing and cancelling most or all of existing and future apparel orders. Some clients unilaterally modified the terms of payments on receivables, further putting stress on BG's finances.

25.  In the United States, no doubt sensing trouble in the industry, BG's factoring partner announced a unilateral modification of its terms by increasing scrutiny of each buyer and withholding advances on shipments until the goods arrived at the buyer's warehouse.

26.  Due to COVID-19, restrictions were imposed on BG's manufacturing facilities in Egypt and Ethiopia by government orders.  Ports in those countries were also affected.  In some cases, the local subsidiary was legally required to continue to pay workers' salaries, notwithstanding the factory closures.

27.  With revenues collapsing to zero, and accounts receivable mounting, BG was forced to halt payments to suppliers and other creditors.  On the Israeli Petition Date, BG sought emergency protection from creditors in court.  Then, less than a month later, having found no alternatives, COVID-19 eventually forced the company into a liquidation proceeding.

**D. The BG Liquidation Proceeding**

28.  Israeli insolvency proceedings are not dissimilar to proceedings held pursuant to Chapters 7 and 11 of the United States Bankruptcy Code.  Israeli proceedings have been recognized by this Circuit almost as long as Chapter 15 has been part of the Bankruptcy Code.  See *In re Sovereign Assets Ltd.*, Case No. 14-13009 (Bankr. S.D.N.Y. December 17, 2014) (Chapman, J).

29.  The Insolvency and Economic Rehabilitation Law 5778-2018, passed on March 5, 2018, was viewed as a further modernization, consolidation and streamlining of Israeli insolvency law.  It substantially implemented the United Nations Commission on International Trade Law's ("UNCITRAL") Model Law on Cross-Border Insolvency in Israel.

30.  On the Israeli Petition Date, BG initially sought only limited, emergency relief under Israeli law, mostly to gain access to a general stay, to allow BG's Chief Executive Officer

Michael Ronen to serve as a temporary co-trustee (along a court-appointed trustee), and to request a period of temporary, limited operations in which the Debtor could seek out restructuring partners and options.

31. When, less than a month following the Israeli Petition Date, it became clear that there was no hope for any kind of reemergence, BG petitioned the Israeli Court to initiate a liquidation of the Debtor. On May 12, 2020, the Israeli Court issued the BG Liquidation Order, replacing the provisional Trustees with the Petitioner as the sole liquidating Trustee. (**Exhibit 5**).

32. The role of the BG Trustee is similar to that of a Chapter 7 trustee in the United States. The Israeli Court chose the BG Trustee as an impartial fiduciary, responsible for administering the assets of the bankruptcy estate for a maximal distribution to creditors, according to their priority under Israeli law.

33. In the case of BG, while it is clear that the corporate headquarters, as well as the liquidation proceedings, are located in Israel, much of the business activity, including significant assets and liabilities, are located outside Israel, including in the United States.

34. The BG Liquidation Order specifically grants the Petitioner the powers to "exercise the authority of the [Debtor] as regards the held companies abroad [outside Israel]." (BG Liquidation Order, Ex. 5 at 9). Furthermore, the Israeli Court continued, "I approve to the trustee to exercise the authority of the company as a controlling shareholder in the subsidiaries and/or in the held companies abroad, in anything relating to their operation, the investigation of their condition and the steps that need to be taken about them…". *Id.*

35. The Israeli Court subsequently granted more specific relief relating to the Debtor's assets and subsidiaries in the United States, including through an injunction entered on August 7,

2020, which stayed the Phong Phu Litigation against BGI(US) and ordered the Plaintiff, Phong Phu International JSC ("**Phong Phu**"), to "immediately release the goods of the Company Bagir Group Ltd. (in liquidation)…Goods which [Phong Phu] unlawfully detains at its factory in Vietnam….and/or alternatively, [Phong Phu] must immediately return the sum of $280,245.09 that was transferred to it on July 15, 2020 for the delivery of the said Goods…." (the "**Phong Phu Injunction**.") A certified copy of the Phong Phu Injunction, along with its sworn translation into English, is attached hereto as **Exhibit 7**.

36. On March 11, 2021, the Israeli Court, in a separate insolvency proceeding relating specifically to BGI(US)[3] (the "**BGI(US) Israeli Proceeding**," Case No. 41127-02-21), ordered the liquidation of BGI(US) and specifically appointed the BG Trustee as the trustee to BGI(US) (the "**BGI(US) Liquidation Order**"). A certified copy of the BGI(US) Liquidation Order, along with its sworn translation into English, is attached hereto as **Exhibit 8**.

37. Also as part of the BGI(US) Liquidation Order, the Israeli Court ordered that the BG Trustee be recognized to initiate proceedings in the USA for acknowledging the BG Israeli Liquidation proceeding in Israel as the "main proceeding." *Id.*

**E. Discussion of BGI(US)'s Assets and Liabilities**

38. BGI(US) has at least one bank account in the United States, held at Bank Leumi USA (the "**BGI(US) Account**"). It is believed that there is a small sum of money deposited in that account.

39. BGI(US) is a general unsecured creditor in several U.S. based Chapter 11 bankruptcy proceedings, including those of Brooks Brothers Group Inc. and Tailored Brands, Inc.

---

[3] On the same date, in the same decision, the Israeli Court ordered the unification of the BG Liquidation Proceeding with the BGI(US) Israeli Proceeding under the BG Liquidation Proceeding case number 11925-04-20.

40. Former director Moses Cohen is a potential creditor of BGI (US) for payments allegedly due under his employment by BGI(US).

41. On information and belief, BGI(US) is owed several refunds from U.S. Customs and Border Protection (the "**CBP Refunds**").

42. Factoring company RTS Financial Service, Inc. has asserted claims against BGI(US), stemming from BGI(US)'s apparel buyers' non-payment of receivables, and may have used those claims to offset funds owed to BGI(US).

43. BGI(US) is owed money that was previously loaned to its director Moses Cohen in the amount of one hundred thousand dollars ($100,000) plus interest (the "**Cohen Loan**"), which is currently in default.

44. Vietnam-based supplier Phong Phu International JSC has asserted breach of contract claims against BGI(US), which are currently pending in the Phong Phu Litigation (and which may be stayed by the Phong Phu Injunction).

45. BGI(US) has office equipment and other personal property that was in the possession of Mr. Cohen at the commencement of the BG Liquidation.

## THE NEED FOR DISCOVERY

46. As part of the process of marshaling Debtor's Assets and paying BG's debts, the BG Trustee needs and seeks to investigate the present status of Debtor's Assets and the underlying personal property and other accounts; to protect Debtor's Assets; and to pursue such actions as are appropriate in order to recover and maximize the value for Debtor's Assets and/or seek damages from culpable parties.

47. Petitioner commenced this chapter 15 case in order to (i) advance his investigation as part of the process of marshaling the assets of BG, including the potential recovery of BG assets that may be in the United States; and (ii) to advance potential prosecution of actions against parties in the United States and elsewhere. Chapter 15 relief also will protect any proceeds recovered by the Petitioner through turnover or through actions brought in the United States and ensure that such proceeds are distributed in accordance with the BG Liquidation Proceeding.

48. Cohen and other have refused to cooperate with the BG Trustee or to provide him all the information, documents and assets to which he is entitled, and which he requires, and which he has requested.

49. In order to pursue this investigation, Petitioner needs and is entitled to an order permitting him to take discovery pursuant to Fed. R. Bankr. P. Rule 2004.

## BASIS FOR RELIEF REQUESTED

50. Petitioner seeks entry of an order of this Court granting the following relief:

(a) Recognition of the BG Trustee as "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code;

(b) Recognition of the BG Liquidation Proceeding[4] as a "foreign main proceeding" within the meaning of section 1502(4) of the Bankruptcy Code;

(c) All relief afforded a foreign main proceeding automatically upon recognition pursuant to section 1520 of the Bankruptcy Code, and related relief in Sections 1517 and 1521;

(d) Authorizing the BG Trustee to take discovery, pursuant to Bankruptcy Rule 2004 after the hearing on the Petition;

---

[4] To which the BGI(US) Israeli Proceeding has already been joined, pursuant to the BGI(US) Liquidation Order.

(e) Directing immediately that Mr. Cohen and any persons or institutions holding information or documents pertaining to BG or its subsidiaries, and any of Debtor's Assets provide such information and records to the BG Trustee;

(f) Directing immediately that Mr. Cohen deliver any property of the Debtor or of BGI(US) in his possession to the BG Trustee, pursuant to section 542 of the Bankruptcy Code;

(g) Pending the Hearing and thereafter, restraining Mr. Cohen and any of his agents from taking any action on behalf of BG or any of its subsidiaries or affecting Debtor's Assets; and

(h) Such other and further relief as may be necessary or appropriate.

51. Petitioners have satisfied the requirements for relief under sections 1517, 1520 and 1521 of the Bankruptcy Code.

52. The BG Liquidation Proceeding is a foreign main proceeding within the meaning of section 1502(4) of the Bankruptcy Code. Israel was the center of BG's main interests. BG was organized under the laws of Israel; its registered office and was located in Israel; its known creditors are in Israel and elsewhere; BG was managed, administered, operated and had banking arrangements in Israel; and its liquidation is currently being administered in Israel by the District Court, Beer Sheva, through its appointed BG Trustee.

53. The BG Liquidation Proceeding is being conducted in accordance with the statutory provisions pertaining to the liquidation of a bankruptcy under the laws of Israel and subject to the jurisdiction of the District Court, Beer Sheva. Paragraph 8 above identifies one lawsuit involving subsidiaries of BG in the United States. The BG Trustee is not aware of any other foreign

proceedings with respect to BG pending in any other jurisdiction. This statement satisfies the requirements of Section 1515(c) of the Bankruptcy Code.

54. Petitioner is an individual who is the authorized foreign representatives of the BG Liquidation Proceeding within the meaning of section 101(24) of the Bankruptcy Code. The BG Trustee is authorized to administer the liquidation of Debtor's Assets in accordance with the insolvency laws of Israel and to act as a representative of the BG Liquidation Proceeding.

55. The Petition meets the requirements of section 1515 of the Bankruptcy Code, because the BG Trustee has commenced this chapter 15 case by filing with this Court the Petition, with a certified copy of the BG Liquidation Order and an English translation thereof (**Exhibit 5**), the Statement required by section 1515(c) of the Bankruptcy Code in paragraph 53 above, and all other documents required under Chapter 15 of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

56. Recognizing the BG Liquidation Proceeding would not be manifestly contrary to the public policy of the United States under section 1506 of the Bankruptcy Code. Entry of the Proposed Order would promote the policies underlying Chapter 15 of respecting and facilitating cross-border insolvency proceedings as set forth in sections 1501 and 1508 of the Bankruptcy Code.

## NOTICE

57. Pursuant to section 1517(c) of the Bankruptcy Code, and Bankruptcy Rule 2002(q), a petition for recognition shall be decided at the "earliest possible time," with at least 21 days' notice by mail of the hearing.

58. Bankruptcy Rule 2002 (q) provides for notice to parties as follows:

… debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under § 1519 of the Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct …

59.  Accordingly, Petitioners request that this Court set the date for the hearing on recognition (the "Hearing") at the earliest time, and approve the order limiting notice, scheduling a hearing, and specifying the form and manner of service of notice and the form of notice ("Notice"), as set forth in form Exhibits 2 and 3.

60.  Any notice requirements specified in section 1514 of the Bankruptcy Code regarding notice to creditors for the Debtor should be waived due to the nature of the relief being sought and the expectation that no creditor will need to file any claim or appear in any matter before the Court.

61.  By such Notice, all parties in interest will be advised of the commencement of the chapter 15 case, the relief requested by the Petition, the central documents filed with the Court in this chapter 15 case, as well as the date, place and time of the Hearing to consider the Petition and the date, time and manner for lodging a response or other pleading in connection with the Petition and the relief requested therein, in accordance with the Bankruptcy Rules and the Local Rules of Bankruptcy Procedure.

## CONCLUSION

WHEREFORE, Petitioner respectfully requests that this Court (i) set the Hearing on the request for recognition at the earliest possible time; (ii) and immediately enter the Proposed Order Scheduling a Hearing on, and Specifying the Form and Manner of Service for Notice of, the Chapter 15 Petition, substantially in the formed annexed hereto as **Exhibit 2**; (iii) approve the Proposed Notice of Hearing for Recognition of Foreign Main Proceeding, substantially in the

form annexed hereto as **Exhibit 3**; and (iv) at the Hearing approve the Proposed Order Granting Recognition of Foreign Main Proceeding, substantially in the form annexed hereto as **Exhibit 1**, which grants the relief requested herein, including recognizing the proceedings relating to the BG Liquidation Proceeding as a "foreign main proceeding" under section 1517 of the Bankruptcy Code, and such further relief as set forth in the Verified Petition and the Proposed Order, and as otherwise may be just and proper.

Dated this 26th day of April 2021.

SARACHEK LAW FIRM

670 White Plains Road #PH
Scarsdale, New York 10583
(646) 517-5420 - office
joe@sarscheklawfirm.com
zachary@sarscheklawfirm.com

By: */s/ Joseph E. Sarachek*

Joseph E. Sarachek, (NY Bar No. 2163228)
Zachary E. Mazur, (NY Bar No. 5706726)

*Counsel for Petitioner*